State ex rel. Brown v. Smith

---

STATE OF NORTH CAROLINA EX REL. JOSEPH B. BROWN, DISTRICT AT-
TORNEY FOR JUDICIAL DISTRICT 27-A v. THOMAS O. SMITH AND WIFE,
DOLLY SMITH; JERRY JEROME WILKES; AND LYNN FLOYD, ALL DOING
BUSINESS AS THE CAPTAIN'S CLUB

No. 8427SC853

(Filed 7 May 1985)

**Nuisance § 10; Contempt of Court § 6— abatement proceeding—violation of prior order**

A show cause order should have been dismissed where defendants had
been dismissed from the 1982 abatement proceeding which resulted in the
order they were charged with violating. G.S. 19-5 (1983).

APPEAL by defendants from *Gaines, Judge*. Order entered 14
March 1984 in GASTON County Superior Court. Heard in the
Court of Appeals 15 April 1985.

Defendants Thomas Smith and Dolly Smith were ordered to
show cause as to why they should not be held in contempt for
violating a consent order entered on 16 December 1982, which en-
joined the premises located at 911 North Marietta Street, Gas-
tonia, from being used as a nuisance.

Following a hearing, the trial court entered an order in which
it found that defendants were the owners of said premises, that
defendants had permitted and consented to the operation of said
premises as a nuisance, and that defendants had violated the
order of 16 December 1982. The trial court ordered sanctions
against defendants, and defendants have appealed from that
order.

*Joseph B. Roberts, III, for plaintiff.*

*Ferguson, Watt, Wallas & Adkins, P.A., by James E.
Ferguson, II, for defendants.*

WELLS, Judge.

Defendants first contend that the trial court erred in denying
their motion to dismiss the show cause order against them. We
agree and vacate the order appealed from.

Article 1 of Chapter 19 of the North Carolina General Statutes defines nuisance and provides for their abatement. N.C. Gen. Stat. § 19-5 (1983) is the particular statute which controls our decision in this case. In pertinent part, it provides:

> If the existence of a nuisance is admitted or established in an action provided for in this Chapter an order of abatement shall be entered as a part of the judgment in the case, which judgment and order shall perpetually enjoin the defendant and any other person from further maintaining the nuisance at the place complained of . . .

The trial court's order of 16 December 1982 was as follows:

> THIS CAUSE coming on to be heard and being heard before the undersigned Superior Court Judge upon request by counsel for the Plaintiff and counsel for the Defendants, Thomas O. Smith and wife, Dolly Smith, respectfully requesting that the undersigned Superior Court Judge enter this Consent Order in this cause;

> AND THE COURT having reviewed the file in this matter, and particularly the Order entered on September 27, 1982, is of the opinion that it would be in the best interest of all parties for this Order to be entered;

> THEREFORE, IT IS HEREBY ORDERED as follows:

> 1. That the premises located at 911 North Marietta Street, Gastonia, Gaston County, North Carolina, where the business known as The Captain's Club was conducted, be enjoined hereafter from being used as a nuisance, as the same is defined under Chapter 19 of the North Carolina General Statutes;

> 2. That this action is dismissed as to the Defendants Thomas O. Smith and wife, Dolly Smith, upon payment of $500.00 to counsel for the Plaintiff, Joseph B. Roberts, III;

> 3. That as to the other Defendants in this cause, this matter is left open. The Court notes that substantial personal property was stolen from said club by parties unknown at this time. Should said property be recovered, or the name or names of said individuals who removed said property from

said club be ascertained in the future, the Plaintiff shall be entitled to proceed in this matter as by law provided.

4. That as to all the property presently being held by the sheriff of Gaston County, the same can be returned to the Defendants, Thomas O. Smith and wife, Dolly Smith.

This, the 16 day of December, 1982.

Chase Saunders

JUDGE PRESIDING

Because defendants were not enjoined in the order of 16 December 1982, but were in fact dismissed as defendants in the abatement proceedings, the trial court should have allowed defendants' motion to dismiss the show cause order against them. Accordingly, the order of the trial court entered 14 March 1984 is

Vacated.

Chief Judge HEDRICK and Judge MARTIN concur.